UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RODNEY D. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:10-CV-00162-SNLJ |
| ) | |
| STEVE ATCHINSON, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Plaintiff Rodney D. Jones has filed this § 1983 action alleging a violation of his Eighth Amendment right against cruel and unusual punishment during his detention at the Missouri Department of Corrections' Southeast Correctional Center ("SECC") in Charleston, Missouri. Defendants Jewel Cofield, Felicia Dodge, and Stephanie Kasting filed a motion to dismiss (#21) on May 9, 2011. Plaintiff has not filed a response.

In addition, plaintiff filed a motion to compel defendants to provide addresses for defendants Dr. Cathy Brock and Deborah Vinson (#28) on May 24, 2011, and a motion for appointment of counsel (#32) on June 6, 2011. Responses in opposition to those requests have been filed.

**I. Case Summary**

Plaintiff, who remains incarcerated at SECC, asserts that defendants Steve Atchinson, Brian Hoskins, and Buddy McClane – all employed by SECC as correctional officers – failed to protect him from an assault by another inmate. Additionally, plaintiff claims that these three

1

defendants placed him back in a cell where mace/pepper spray chemicals were still lingering without first cleaning the call or providing plaintiff with products to clean it himself.

Plaintiff also alleges that defendants Brock, Cofield, Dodge, Kasting, and Vinson were deliberately indifferent to plaintiff's serious medical needs, as evidenced by their alleged failure to provide plaintiff with timely medical and mental health care made necessary by the assault. Plaintiff seeks to recover $150,000 in compensatory and punitive damages "for permanent physical and emotional scars and for physical functioning which cannot be restored." Further, plaintiff seeks to enjoin an alleged policy enforced by defendants Kasting and Cofield in which inmates are "required to submit (3) medical service request forms before being seen by a doctor."

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." 1*Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential*

*Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). Finally, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Id*. (quoting *Iqbal*, 129 S.Ct. at 1950). With these principles in mind, the Court turns to the discussion.

## III. Discussion

In order to establish a constitutional violation based on inadequate health care, a plaintiff must show that the defendants were deliberately indifferent to a serious medical need. *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009). Medical malpractice, inadvertent failure to provide adequate medical care, or simple negligence does not amount to a constitutional violation. *Estelle*

3

*v. Gamble*, 429 U.S. 97, 106 (1976). Rather, a plaintiff must establish a "mental state akin to criminal recklessness." *Vaughn*, 557 F.3d at 908 (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). When a prison official does not implement a prisoner's requested course of treatment, no question of deliberate indifference is created. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997); *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994). Medical care so inappropriate as to evince intentional maltreatment or a refusal to provide essential care may violate the Eighth Amendment, but a mere disagreement with the course of medical treatment prescribed does not constitute a deliberate indifference claim. *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (citations omitted).

In this case, plaintiff has not pleaded facts capable of supporting the premise that defendant Dodge, the nurse who first attended to plaintiff following the assault, was deliberately indifferent to a serious medical need. Plaintiff acknowledges that defendant Dodge used a solution to wash blood and pepper spray from plaintiff's face, but then complains that Dodge expressed her opinion that plaintiff did not require stitches, that she failed to apply band-aids, and that she failed to transport plaintiff directly to the medical department. Plaintiff, however, fails to allege how any of those actions or inactions rose above the level of mere medical malpractice, inadvertent failure to provide adequate medical care, or simple negligence. *See Estelle*, 429 U.S. at 106. Accordingly, those allegations lack the element of deliberate indifference required to state an Eighth Amendment claim.

Furthermore, plaintiff's complaint fails to state a colorable claim against defendants Cofield or Kasting. Plaintiff contends that defendants Cofield and Kasting refused to seek medical attention for plaintiff and denied plaintiff's medical requests through the grievance

4

procedure. He seeks "an order of preliminary and permanent injunction ordering [defendants Cofield and Kasting] to discontinue the policy requiring offenders to submit (3) medical service request forms before being seen by a doctor." Again, however, plaintiff fails to allege facts explaining how these actions were improper, how he was damaged thereby, or how in any event this constitutes deliberate indifference to a serious medical need.

For the aforementioned reasons, plaintiff's complaint also fails to state claims against defendants Brock and Vinson, and this Court will dismiss the claims against them pursuant to 28 U.S.C. § 1915(e)(2)(B) (stating that the Court may dismiss a complaint filed *in forma pauperis* at any time if the plaintiff fails to state a claim upon which relief can be granted). Moreover, this Court shall deny plaintiff's motion to compel as moot.

## IV. Motion for Appointment of Counsel

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer or relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues in this case are not so complicated that the appointment of counsel is warranted at this time.

Dated this  10th   day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE