UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RODNEY D. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:10-CV-00162-SNLJ |
| | ) |
| GEORGE A. LOMBARDI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Rodney D. Jones has filed this 42 U.S.C. § 1983 action alleging a violation of his Eighth Amendment right against cruel and unusual punishment during his detention at the Southeast Correctional Center ("SECC") in Charleston, Missouri. Defendants Bryan Hoskins, Buddy McClaine, and Terry Atchison have filed a motion for summary judgment (#72). The matter has been fully briefed and is now ripe for disposition.

**I. Background**

Plaintiff, who remains incarcerated at SECC, asserts that defendants TerryAtchinson, Brian Hoskins, and Buddy McClaine — all employed by SECC as correctional officers — failed to protect him from an assault by another inmate. The following facts are undisputed except where indicated.

On November 5, 2008, plaintiff was assigned to a cell with Morris Williams. Plaintiff asserts that Williams told defendant Hoskins that he did not want a "cellie" when Hoskins escorted plaintiff to the cell. On November 9, 2008, Williams was uncuffed in the cell and plaintiff was in the process of having his handcuffs removed by defendant McClaine (who was

outside the cell) when Williams grabbed plaintiff and began to attack him with a makeshift weapon. According to the affidavits submitted by the defendants, McClaine called for Hoskins (who was nearby) to assist him. Atchison joined them at some point, as well. Hoskins ordered the inmates to stop. When they did not stop, Hoskins sprayed pepper spray into the cell, entered the cell, and escorted plaintiff from the cell. Hoskins remained with plaintiff while a nurse assessed plaintiff and washed pepper spray from his eyes. Plaintiff's injuries, according to medical records, consisted of a 1.5" to 2" scratch on one side of his cheek.

Plaintiff's version adds that the three defendant officers (and another officer who is not a defendant) stood outside the cell and watched the attack for three minutes while Williams assaulted plaintiff (who, again, was handcuffed from behind). Plaintiff states that the officers did not open the door and intervene until Williams had grown tired and stopped the attack on his own. The defendants do not address plaintiff's sworn statement that they watched the assault until Williams tired himself out. Plaintiff acknowledges that he was seen by a nurse after the attack but that he did not realize he had suffered cuts to his body or injury to his shoulder until after he was returned to his cell.

Additionally, plaintiff claims that the defendants placed him back into a cell where pepper spray chemicals were still lingering without first cleaning the cell or providing plaintiff with products to clean it himself.

## II. Legal Standard

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th

Cir. 1977). Pursuant to Federal Rule Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to the discussion.

**III. Discussion**

Defendants contend that they are entitled to summary judgment on plaintiff's Eighth Amendment claims based on failure to protect, harmful condition of confinement, and denial of medical attention and mental therapy. "A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element." *Revels v. Vincent*, 382 F.3d 870, 875 (8th Cir.

2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "First, the deprivation alleged must be, objectively, "sufficiently serious," and result in the "denial of "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). With regard to the objective element, the Supreme Court has held that extreme deprivations are required to establish conditions of confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Second, a prison official must have a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 843. "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.*  This requisite deliberate indifference is established only when the plaintiff shows that "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety."  *Revels*, 382 F.3d at 875.

    A.    **Failure to Protect**

With respect to plaintiff's failure to protect claim, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 832. Prisons, however, are inherently dangerous places, and not every "injury suffered by one prisoner at the hands of another...translates into constitutional liability for prison officials." *Id.* at 834. Prison officials responsible for an inmate's safety violate the Eighth Amendment when two requirements are met: First, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  *Id.*  Second, the inmate must show that the prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.  Simple negligence does not suffice. *Id.* at 835.

As to the first prong, "a single episode of violence, without warning or suspicion, is insufficient to establish a pervasive risk of harm, particularly when the injured inmate views the attack as an isolated incident." *Falls v. Nesbit*, 966 F.2d 375, 379 (8th Cir. 1992). Furthermore, the Eighth Circuit has repeatedly held that prison officials are not deliberately indifferent if the assailant's attack was a surprise. *Schoelch v. Mitchell*, 625 F.3d1041, 1048 (8th Cir. 2010); *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002); *Curry v. Crist*, 226 F.3d 974, 978-79 (8th Cir. 2000). "This is true even if the official knows (as [plaintiff] alleges) that the attacking inmate may be dangerous or violent." *Prosser v. Ross*, 70 F.3d 1005, 1007 (8th Cir. 1995) (citing *Falls*, 966 F.2d at 379).

Defendants state that they are entitled to summary judgment because there is no dispute that the attack on plaintiff was a surprise. Even taking plaintiff's allegation as true — that Williams told the guards he did not want a cellmate — the plaintiff and Williams peacefully coexisted for four days before the attack. Plaintiff did not know Williams. Williams was not on Jones's enemies list. Williams had, according to the record, celled successful with other offenders in the past. The defendants therefore argue that plaintiff fails to establish that he faced a substantial risk of serious harm.

However, although it may be true that the attack was a surprise, that does not excuse the officers from failing to protect plaintiff after the attack began and was ongoing in their presence. The defendants' statement of facts indicates that Hoskins saw the attack in progress, that he ordered the offenders to stop, that he sprayed pepper spray into the cell, the cell door opened, Hoskins entered the cell, and the "fighting ceased." However, defendants do not address plaintiff's sworn statement that four officers stood outside his cell, deployed pepper spray, and

5

watched as Williams continued to attack a still-handcuffed Jones with a makeshift weapon until Williams tired and stopped the attack on his own.[1]  The defendants are not entitled to summary judgment on these disputed facts.

### B.     Prison Conditions

As for plaintiff's claim regarding prison conditions, the conditions of a prisoner's confinement in a state facility implicate the Eighth Amendment's proscription against cruel and unusual punishment only if the prisoner is "depriv[ed] of the minimal civilized measure of life's necessities."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  "[T]he Constitution does not mandate comfortable prisons" and "persons convicted of serious crimes, cannot be free of discomfort."  *Id.* at 349.

"A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element."  *Revels v. Vincent*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  First, the defendants' conduct must be proven, objectively, sufficiently serious to rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. *See Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995). With regard to the objective element, the Supreme Court has held that "extreme deprivations" are required to establish a conditions of confinement claim.  *Hudson v. McMillian*,

---

[1] The Court notes that plaintiff did not respond the defendants' statement of undisputed facts in accordance with Local Rule 7-4.01(E), which requires that all "matters set forth in the statement of movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."  However, even if all of the defendants' statements of fact are admitted, they do not by themselves require that summary judgment be granted to defendants given the uncontested fact that plaintiff was handcuffed when the assault occurred.

6

503 U.S. 1, 9 (1992). Second, the defendant's conduct must also reflect a subjective state of mind, evincing deliberate indifference to the "prisoner's health or safety." *Aswegan*, 49 F.3d at 464 (quoting *Beyerbach v. Sears*, 49 F.3d 1324, 1325-26 (8th Cir. 1995)). This requisite deliberate indifference is established only when the plaintiff shows that "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels*, 382 F.3d at 875.

Plaintiff alleges that he was forced to breathe in toxic fumes for several days, his body was covered in pepper spray, and he was refused a shower. However, medical personnel evaluated and treated plaintiff within 15-20 minutes of the incident, and his face and eyes were washed. The medical records state that plaintiff refused further medical treatment, and other prison records demonstrate that he refused a shower.

Plaintiff, on the other hand, contends that he was not offered a shower and that his bed was soaked with pepper spray. Even assuming both of those facts are true, such conditions would be uncomfortable, but they fall short of the "extreme deprivation" required to establish a conditions of confinement claim. The Eighth Circuit has held that conditions far worse than those alleged by plaintiff failed to rise to the level of an Eighth Amendment violation. *See, e.g.*, *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83–84 (8th Cir.1996) (four days without underwear, blankets, mattress, exercise, and visits not a constitutional violation); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies not a constitutional violation); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (eleven days in an unsanitary cell did not amount to a constitutional

violation). As a result, summary judgment will be granted to defendants on plaintiff's condition of confinement claim fails.

    **C.    Medical Treatment**

The Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from "deliberate indifference" to serious medical needs. *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009). As discussed above, "deliberate indifference has both an objective and a subjective component." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006). The objective component requires a plaintiff to demonstrate an objectively serious medical need. *Grayson v. Ross*, 454 F.3d 802, 808-09 (8th Cir. 2006). A "serious medical need" is one "that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d. 778, 784 (quoting *Camberos v. Branstad*, 73 F.3d. 174, 176 (8th Cir. 1995)); *see also Simmons v. Cook*, 154 F.3d. 805, 807-08 (8th Cir. 1997) (quoting *Moore v. Jackson*, 123 F.3d. 1082, 1086 (8th Cir. 1997)("A medical need is serious if it is obvious to the layperson or supported by medical evidence.")).

In order to satisfy the subjective component of an Eighth Amendment medical claim, a plaintiff inmate must show that the prison officials knew of, yet deliberately disregarded, an excessive risk to the inmate's health. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting *Logan v. Clarke*, 119 F.3d. 647, 649 (8th Cir. 1997)). A prison official may be liable under the Eighth Amendment if he knows that an inmate faces a substantial risk of serious harm and fails "to take reasonable measures to abate it." *Coleman*, 114 F.3d. at 785 (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). The plaintiff must establish a "mental state akin to criminal

recklessness." *Vaughn*, 557 F.3d at 908 (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006). "Neither differences of opinion nor medical malpractice state an actionable Constitutional violation." *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002).

The medical records indicate that plaintiff suffered exposure to pepper spray and a 1.5" to 2" scratch on one side of his cheek. Plaintiff states in his response that he suffered from multiple stab wounds, that he has sinus trouble from his exposure to pepper spray, and that his arm shrunk to half its normal size as a consequence of the attack. He avers that he declared "medical emergencies" several times and "asked all the defendants" to allow him to be seen by medical professionals, but he says that his complaints were ignored.

Plaintiff was seen (and cleaned of pepper spray) within 15-20 minutes of the incident, and he was also was seen by medical personnel several times in the months that followed. Medical records indicate that plaintiff left the infirmary in anger after being told that the condition of his cell was not a medical issue over which the medical staff had control. Medical records also support that his limited wounds were healing, that he was not in respiratory distress, and that his arms had normal range of motion. However, the plaintiff's affidavit conflicts with the information contained in the medical records, and the defendants have not responded other than to say that they were not responsible for plaintiff's medical care. They do not respond to plaintiff's allegations that the defendants knew about and prevented him from obtaining medical treatment for stab wounds and an injured arm — injuries which plaintiff alleges that they saw him receive during a prolonged attack while handcuffed from behind. Summary judgment will be denied on this claim.

### D. Qualified Immunity

"Qualified immunity is a defense available to government officials if they have not violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Amrine v. Brooks*, 522 F.3d 823, 831 (8th Cir. 2008) (quoting *Young v. Selk*, 508 F.3d 868, 871 (8th Cir.2007); *see Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It "allows officers to make reasonable errors so that they do not always 'err on the side of caution' " for fear of being sued. *Habiger v. City of Fargo*, 80 F.3d 289, 295 (8th Cir. 1996) (citation omitted); *see Davis v. Scherer*, 468 U.S. 183, 196 (1984). "This defense provides 'ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Amrine*, 522 F.3d at 831 (quoting *Malley v. Briggs*, 475 U.S. 335, 343, 341 (1986)).

Qualified immunity determinations are based on a two-part inquiry. First, the court determines whether the alleged facts, viewed in the light most favorable to the injured party, demonstrate that the official's conduct violated a constitutional right. *Amrine*, 522 F.3d at 831; *see also Saucier v. Katz,* 533 U.S. 194, 201 (2001). Second, if the answer to that inquiry is yes, the court asks whether the constitutional right was clearly established at the time so that a reasonable officer would have understood that his conduct violated that right. *Amrine*, 522 F.3d at 831.

As already discussed, the Court is granting summary judgment to defendants on plaintiff's condition of confinement claim. However, plaintiff's rights to have his serious medical conditions treated without intentional delay, and to be aided during physical assaults by other inmates, are clearly established. As a result, qualified immunity is not warranted for the defendants.

## IV.     Conclusion

Summary judgment will be granted to the defendants on plaintiff's condition of confinement claim.  However, summary judgment is denied on plaintiff's claims regarding failure to protect and access to medical care.  Because plaintiff is entitled to a trial regarding his surviving claims, the Court will appoint counsel to represent the plaintiff in a separate order.  Counsel for the plaintiff may seek to reopen discovery for a limited period of time in order to prepare for trial.  The plaintiff should await further order of the Court on those matters.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Bryan Hoskins, Buddy McClaine, and Terry Atchison's motion for summary judgment (#72) is GRANTED in part and DENIED in part.

Dated this  21st  day of November, 2012.

_____
UNITED STATES DISTRICT JUDGE